IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DIANA R. TOWNSEND                                                                    PLAINTIFF

      V.                         Civil No. 2:19-cv-02098-PKH-MEF

ANDREW M. SAUL, Commissioner
Social Security Administration                                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      Plaintiff, Diana R. Townsend, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.    Procedural Background**

      Plaintiff filed her applications for DIB and SSI on September 23, 2016, alleging an onset date of February 15, 2015, due to diabetes, left eye retinal detachment, and a learning disability. (ECF No. 10, pp. 54, 55, 56-57, 67-68, 180-86).  Her applications for benefits were denied initially on March 2, 2017 (*Id*., pp. 104-06, 107-10), and denied at reconsideration on May 8, 2017 (*Id*., pp. 119-20, 121-23).  Plaintiff requested an administrative hearing (*Id*., p. 126-27), and the hearing was held on March 14, 2018, before the Hon. Bill Jones, Administrative Law Judge ("ALJ") (*Id*., pp. 38-53).  Plaintiff was present and represented by counsel, David K. Harp.

      Plaintiff was between 31 and 34 years old during the relevant time period and had past relevant work ("PRW") experience as a nurse assistant.  (*Id*., p. 23).

1

On December 6, 2018, the ALJ found Plaintiff's diabetes mellitus and obesity were severe impairments (*Id*., p. 16), but he concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*., p. 19). The ALJ found Plaintiff capable of performing the full range of light work. (*Id*.). Applying the Medical-Vocational Guidelines, he then determined Plaintiff was not disabled. (*Id*., p. 23).

The Appeals Council denied Plaintiff's request for review on June 5, 2019. (*Id*., pp. 5-10). Plaintiff filed this action on August 1, 2019. (ECF No. 1). Both parties have now filed appeal briefs (ECF Nos. 13, 15), and this matter is ready for Report and Recommendation.

## II.　　Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds *by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises two issues on appeal: (1) she questions the supportability of the ALJ's RFC determination, and (2) she questions to the appropriateness of the ALJ's application of the Medical-Vocational Guidelines (the "grid"). The ALJ concluded Plaintiff could perform the full

range of light work, including work involving frequent handling, fingering, and feeling. For the reasons detailed below, the undersigned finds that this RFC does not adequately account for all the Plaintiff's limitations, and remand for further consideration of Plaintiff's RFC is recommended.

### A. RFC Determination

Plaintiff contests the ALJ's RFC finding that she can perform the full range of light work. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545, 416.945. A disability claimant has the burden of establishing her RFC. *Vossen v. Astrue,* 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

Plaintiff suffers from diabetes mellitus, first presenting with elevated HbA1c levels in the medical record in December 2015. (ECF No. 10, p. 369). Plaintiff also reported right hand pain, bilateral joint pain, and edema as early as March 2017. (*Id.* at 378). In April 2017, Plaintiff reported nerve pain as a side effect of taking the blood pressure medication, Lisinopril. (*Id.* at 218). In January 2018, Plaintiff presented with numbness and tingling in both hands with poor

handgrip. (*Id*. at 430). Plaintiff indicated that onset of these symptoms was nearly a year prior and symptoms had worsened over time. (*Id*.). Plaintiff was prescribed both Meloxicam and Neurontin for diabetic neuropathy. (*Id*. at 431). Her primary care provider noted decreased sensation, range of motion, and strength in both hands, and Plaintiff was referred to Dr. James Kelly, an orthopedic hand specialist, for a hand consultation. (*Id*., pp. 431-32).

At the administrative hearing in December 2018, Plaintiff reported daily limitations on the use of her hands, including problems with lifting, opening, and performing household chores. (*Id*. at 44). Plaintiff described difficulty sleeping due to shooting pain in her arms, emanating from her hands. (*Id*.). She advised of a referral to Dr. Whittings for a carpal tunnel evaluation and nerve conduction testing. (*Id*.). The hearing transcript indicates that the ALJ intended to use these evaluation results in his RFC assessment. (*Id*., pp. 45, 50). There is, however, nothing in the medical record documenting this evaluation.

During the hearing, the ALJ asked the vocational expert ("VE") to consider roles in the range of light work for an individual of Plaintiff's comparable age, education, and work experience, with an added limitation of only occasional handling, fingering, and feeling. (*Id*., p. 50). Given this constraint, the VE indicated that there were no jobs available in the national economy for such an individual. (*Id*.). When the ALJ changed this limitation to frequent handling, feeling, fingering, and feeling, the VE was able to identify available jobs in the national economy. (*Id*., pp. 50-51).

In his decision, the ALJ acknowledged that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that the "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence." (*Id*., p. 20). The ALJ noted Plaintiff's complaints of nerve and joint pain

beginning in 2017, as well as her worsening symptoms and presentation in 2018. (*Id*., p. 21). The ALJ found "the claimant's statements about the intensity, persistence, and limiting effects of her symptoms . . . inconsistent with the record as a whole." (*Id*.). His stated reasons for discrediting the Plaintiff's subjective complaints (including complaints about the use of her hands) are the fact that these complaints cannot be objectively verified and that "it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons." (*Id*.). The ALJ also points to the fact that Plaintiff adopted a baby boy as further evidence to support his RFC finding that "[v]oluntarily taking on the responsibility for caring for an adopted baby is inconsistent with the claimant's allegedly limited daily activities and her statements about the intensity, persistence, and limiting effects of her symptoms." (*Id*.). The mere fact that she adopted a baby, however, has no bearing on her ability to use her hands to perform work-related activities. *See Morris v. Apfel*, No. C93-1027 MJM, 1999 WL 33656860, at *1, 4-5 (N.D. Iowa Jan. 20, 1999) (remanding for benefits due to impairments stemming from chronic fatigue syndrome despite claimant's ability to provide full-time childcare for a child); *see also Shontos v. Barnhart*, 328 F.3d 418, 420, 427 (8th Cir. 2003) (holding that claimant's impairments were equivalent to a listing despite ability to babysit for her granddaughter). The evidence indicates Plaintiff had numbness, decreased grip strength, and loss of sensation in her hands, potentially necessitating additional work restrictions. Further, Plaintiff was referred to two different hand specialists for further testing, although the results of these consultations are absent in the record.

Accordingly, the undersigned finds that remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC. On remand, the ALJ should be directed to order a consultative exam and obtain an RFC assessment of the Plaintiff's ability to use her hands for work-like tasks. With such

additional evidence, the ALJ should recall the vocational expert to testify regarding the availability of jobs consistent with Plaintiff's RFC.

### B. Use of the Grid

Because the above issue warrants further consideration, it is unnecessary to consider the ALJ's use of the grid at this time.

### IV. Conclusion

Based on the foregoing, I recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of July 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE