IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DIANA R. TOWNSEND                                                                            PLAINTIFF

      v.                          CIVIL CASE NO. 2:19-CV-2098

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF No. 20, 21). On September 21, 2020, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $3,618.50, representing a total of 15.60 attorney hours for work performed in 2019 at an hourly rate of $193.00, 1.40 attorney hours in 2020 at a rate of $193.00 per hour, and 4.50 total paralegal hours at rate of $75.00 per hour. (ECF No. 21-3). On October 5, 2020, the Defendant filed a response in opposition to Plaintiff's Motion. (ECF No. 23).

**I.**     **Discussion:**

After reviewing the Plaintiff's motion and the Defendant's response, it is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case. The record clearly shows that she is the prevailing party; the Commissioner's decision to deny benefits was not "substantially justified"; the hourly rate requested for attorney hours does not exceed the CPI for either year in question; and, the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable with a reduction in hours as indicated below. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an

increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

The Defendant argues Plaintiff is not entitled to all the paralegal hours requested. More specifically, the Defendant contends Plaintiff's award should be reduced 1.00 hour because the submission of Plaintiff's brief via CMECF does not require the skill of a paralegal and is purely clerical in nature. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court agrees, and Plaintiff's EAJA award will be reduced accordingly.

The Defendant also objects to Plaintiff's request for 2.00 paralegal hours for the preparation and filing of the EAJA Motion in this case. This Court, however, has previously held that 2.00 hours is an appropriate award of time for this task. Therefore, this objection is overruled.

Accordingly, Plaintiff is entitled to an EAJA award of $3,543.50.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel. The Court notes that lead counsel in this case, David Harp, passed away on September 7, 2020. (ECF No. 21-4). Although attorney Fred Caddell filed Plaintiff's EAJA Motion on Mr. Harp's behalf, Mr. Caddell is not seeking any compensation.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**II.    Conclusion:**

Based upon the foregoing, Plaintiff is awarded the sum of **$3,543.50** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this October 6, 2020.

/s/ P. K. Holmes III
P. K. HOLMES, III
U.S. DISTRICT JUDGE